## WATERHOUSE vs. GIBSON.

Where an officer, having a writ of attachment against a party who had removed out of his precinct, falsely returned that he had left a summons at his last and usual place of abode in *B*, being the place of his late residence ; and judgment went by default, the defendant having no notice of the suit ; and afterwards the defendant obtained a grant of the writ of review, which he never sued out, but sued the officer for a false return ;—it was holden that the officer, though liable for some damages, was not liable for the costs of the application for review, nor for the amount of the original judgment, till the latter had been proved erroneous, by a successful termination of the action of review ;—but that if the debt on trial, should prove to be due, the officer might be liable for the amount of the original costs.

This was an action of the case against the defendant, who was a deputy sheriff, for making a false return upon an original writ; and it came up to this court upon exceptions taken to the opinion of the court below. The material facts stated in the exceptions were these :—

*Waterhouse*, who had been a trader in *Brownfield*, in this county, removed from that place to *Parsonsfield*, in the county of *York*, about the first day of *August*, 1821, shutting up his store, and the house he had just left ; but was occasionally at *Brownfield*, which was only thirteen miles from his new residence, to settle his accounts and close his business, on different days, for several weeks afterwards. About four weeks after his removal, the defendant, having in his hands, for service, a Justice's writ against *Waterhouse*, put the summons into some part of the house from which he had removed, and which was then uninhabited, and made return of a nominal attachment of property, and that he had left a summons at the last and usual place of abode of *Waterhouse*, in *Brownfield*. The present suit was for the falsehood of this return, the plaintiff alleging that he had no such place of abode, of which the defendant was well knowing, and that the return was fraudulently made. It appeared further that judgment was rendered in that suit against the present plaintiff by default, for $6,05 damage, and $2,94 costs; he having no knowledge of the pendency of the action;—that he afterwards

Waterhouse *v.* Gibson.

ap۔lied to the court of Common Pleas for a review, which was granted at *October* term 1821, but the writ of review had not been sued out; and that at the trial in the court below the plaintiff offered a witness to prove the amount of the expenses he incurred in obtaining the review; to the admission of which the the defendant objected; but the testimony to that point was admitted by the court. There was some evidence offered by the defendant to shew that the plaintiff had not changed his domicil. But upon the whole evidence Chief Justice *Whitman* instructed the jury that the plaintiff, at the time of the service of the writ, had so changed his residence, that the service in that manner was illegal, and the return thereof false ; and that they ought to return a verdict for the expenses of the review, as well as for the amount of the judgment rendered against him; which they accordingly did. To this instruction, as well as to the admission of testimony shewing the amount of expenses incurred in obtaining the review, the defendant took exceptions.

*Dana* and *Greenleaf*, in support of the exceptions, argued that the question of domicil ought to have been submitted to the jury, instead of being decided by the court ; and that the costs of the petition for review were not a just charge to the defendant, because they were unnecessarily incurred ; no writ of review having been sued out, to falsify the original judgment.

*Fessenden*, for the plaintiff.

MELLEN C. J. delivered the opinion of the court, at the ensuing *November* term in *Cumberland*.

It is not necessary to decide whether the testimony as to the cost of the petition for review was properly admitted ; nor whether, upon the evidence in the cause, the question of domicil should have been left to the jury ; because, on another ground, we are satisfied that the exceptions must be sustained, and a new trial had. We think the instructions of the judge to the jury on the question of damages were incorrect. Though a review has been granted, because the present plaintiff had no notice of the suit till after the judgment was rendered, yet it does not appear

Waterhouse v. Gibson.

that he did not justly owe the debt he was sued for. The review was granted in *October* 1821; but a writ of review has never been sued out. From these facts we have no reason to presume that any injustice has been done by the judgment in regard to the damages recovered. The conduct of the officer, however, cannot be justified; and he is liable in damages to some amount. But we can see no reason for his being liable to the costs attending the application for review. They could not be taxed against the original plaintiff, until after a successful trial on the review, and a total or partial reversal of the judgment; and there is no reason for making the officer chargeable with them, on the facts before us, because, according to these facts, the petition for review may have been prosecuted, and the costs incurred, for no good purpose, and with no good reason. Should it appear on the trial that the debt was not due, the plaintiff ought to recover of the defendant the amount of the judgment;—but if due, he may be entitled to recover the costs of suit before the justice. At any rate the exceptions are sustained, and there must be a new trial at the bar of this court.